UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JOSE ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS WIGGINTON et al.,<br><br>　　　　　Defendants. | 2:15-cv-00601-RCJ-GWF<br><br>**ORDER** |

　　　　This case arises out of a company's alleged failure to pay for vehicle painting services. Pending before the Court are a Motion to Dismiss (ECF No. 5) and a Motion to Remand (ECF No. 7). For the reasons given herein, the Court denies the motions.

**I.　　FACTS AND PROCEDURAL HISTORY**

　　　　On July 30, 2009, Plaintiff Jose Ortiz contracted with Defendant El Monte Rents, Inc. ("El Monte") to prepare, prime, paint, and in some cases repair approximately 40 of El Monte's RVs. (Third Am. Compl. ¶ 6, ECF No. 1-2). Although Plaintiff warned El Monte against using an inferior, less expensive paint product, El Monte insisted on using the product. (*Id.* ¶ 8). When the paint began to peel in 2012, El Monte's representative, Defendant Thomas Wigginton, asked Plaintiff to repaint the RVs for El Monte. (*Id.* ¶¶ 8, 12). Wigginton knew that El Monte had no intention to pay Plaintiff for the repainting but induced Plaintiff to repaint the RVs under the

impression that he would be paid for the work. (*Id.* ¶ 12).  Plaintiff demanded payment by written letter in 2014, but El Monte has not paid him. (*Id.* ¶ 8).[1]

Plaintiff sued Defendants in this Court for: (1) breach of contract; (2) fraud; (3) breach of the covenant of good faith and fair dealing; and (4) "claims against surety bonds," the final claim to be asserted against any sureties discovered during litigation.  Defendants have moved to dismiss the second and fourth claims for failure to state a claim and have moved to dismiss the second claim for failure to plead with particularity.  Plaintiff has moved to remand for failure to satisfy the amount in controversy requirement.

## II.     LEGAL STANDARDS

### A.     Rule 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

---

[1] It is not clear from the Third Amended Complaint ("TAC") whether Plaintiff has been paid for the original work under the 2009 contract in full or in part, but it is clear he alleges he has not been paid for the 2012 repainting.

Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.     Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*  A "plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

### C.     Amount in Controversy

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III.    ANALYSIS

### A.     Fraud

Defendants argue both that fraud claims cannot be assigned in Nevada and that the present fraud claim is not plead sufficiently under Rule 8(a) or Rule 9(b).  Claims of unpaid bills can be assigned in Nevada. *Castleman v. Redford*, 124 P.2d 293, 294 (Nev. 1942) (citing *Carpenter v. Johnson*, 1 Nev. 331, 332 (1865)) ("[A]n assignee of an account may sue on it in

his own name, though the assignor have an interest in it."). An assignee may not sue based on a fraud against the assignor, however, as such an assignment is against public policy. *Id.* at 295 (citing *Prosky v. Clark*, 109 P. 793, 794 (Nev. 1910) (citing *Gruber v. Baker*, 23 P. 858, 862–63 (Nev. 1890))). But the public policy against the assignment of fraud and other tort claims is based on the public policy against permitting a stranger to a tort to sue on it. The statement quoted in *Gruber* to this effect can be traced through the Missouri and Tennessee Supreme Courts to Justice Story's treatise on equity. *See* 2 Joseph Story *Commentaries on Equity Jurisprudence* § 1040(g), at 400 (4th ed. 1846). Plaintiff here is not a stranger to the alleged fraud but a direct victim of it. He alleges he was a managing member of Double J's Custom Quality, LLC ("Double J's"). (*See* Third Am. Compl. ¶ 4). The fraud on Double J's was a fraud on Plaintiff for the purposes of the anti-assignment rule, because Plaintiff was at least a part owner of Double J's. In any case, Plaintiff notes in opposition that the alleged fraud occurred after Double J's LLC status was revoked in 2011 such that he was operating as a sole proprietorship at the time of the alleged fraud in 2012.

Next, Defendants argue no claim is stated under Rule 8(a) because no fraud claim can lie in Nevada based on the failure to perform under a contract unless the promisor had no intention to perform when the promise was made. Defendants are correct about the rule, *see Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992), but they are incorrect that Plaintiff has not alleged that Defendants had no intention to perform when the promise was made, (*see* Third Am. Compl. ¶12).

Next, Defendants argue that the fraud claim is not pled with particularity. Plaintiff has sufficiently alleged the "who, what, when, where, and how" of the alleged misrepresentation:

> After the paint failure was discovered in March, 2012, EL MONTE's representative, WIGGINTON invited Plaintiff to repair approximately 40 RV's with peeled paint at EL MONTE's place of business in California. Plaintiff was reassured by WIGGINTON that a satisfactory payment arrangement would be

> made to compensate Plaintiff for the repair work due to the defective paint. . . . WIGGINTON knew at the time he induced Plaintiff to do the work that EL MONTE was not going to pay Plaintiff for the work.

(*Id.*). The Court will not require Plaintiff to plead whether the statement was made via telephone, in person, or otherwise, or the exact words or date and time. The alleged misrepresentation is sufficiently identified at this stage for Defendants to defend against it.

### B.     Claims Against Surety Bonds

The Court will not dismiss this claim. It is not a claim against any Defendant but simply Plaintiff's superfluous indication to the Court that he intends to amend further to join one or more surety bond holders as defendants if he discovers that Defendants have any such bonds that may be reachable to satisfy his claims.

### C.     Amount in Controversy

Demand letters that are reasonable estimates of a claim can suffice to show the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) (finding that a pre-removal demand for more than the jurisdictional limit sufficed to support removal). In support of removal, Defendants adduced the Declaration of El Monte's Senior Vice President Todd Schork, wherein he attested that Plaintiff had demanded payment for a total of $438,628.12 in outstanding invoices. Plaintiff attaches to his present motion a March 16, 2015 settlement offer, i.e., an offer to accept less than is actually sought via the lawsuit, for $68,000. He argues in reply that Defendants' unwillingness to pay $68,000 is the best evidence that less than $75,000 is at issue. But Defendants' unwillingness to settle is no evidence of the amount in controversy, i.e., the amount Plaintiff actually seeks. Defendants simply deny liability for any amount. Plaintiff also argues in reply that he does not know exactly how much he is owed because Defendants have their own cancelled checks. The Court rejects this argument. Plaintiff should know how much he himself (or his LLC) has been paid. And Defendants have adduced

evidence of a demand for well over the jurisdictional limit.  The Court is satisfied by a preponderance of the evidence that over $75,000 is sought.  The evidence of the demand, not the evidence of the settlement offer, is the better evidence of the amount actually in controversy.  The offer of settlement is not the amount sought via the lawsuit but the amount for which the Plaintiff is (or was—the offer has expired) willing to settle.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) and the Motion to Remand (ECF No. 7) are DENIED.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge